**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

JAVID MOHMAND,

                    Petitioner,

        v.

JESSICA SAGE,

                    Respondent.

CIVIL ACTION NO. 3:26-CV-01155

(MEHALCHICK, J.)

**MEMORANDUM**

Petitioner Javid Mohmand ("Mohmand") brings this petition for writ of habeas corpus. (Doc. 1). On May 1, 2026, Mohmand filed the instant petition requesting that Respondent Jesica Sage ("Sage") release him from custody at the Federal Correctional Institute Lewisburg ("FCI Lewisburg") under suitable terms of release. (Doc. 1, at 5-6). On May 13, 2026, Sage filed a response. (Doc. 6). On June 16, 2026, Sage filed a supplement. (Doc. 9). For the following reasons, Mohmand's petition is **GRANTED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The following background is derived from Mohmand's petition, Sage's responses, and the exhibits thereto. (Doc. 2; Doc. 6; Doc. 9). Mohmand is a citizen of Afghanistan who entered the country on July 29, 1986, as a refugee. (Doc. 9, at 2). On February 16, 1988, Mohmand received lawful resident status. (Doc. 9, at 2). Mohmand has several criminal convictions including a 1992 conviction for vehicle theft, a 1993 conviction for burglary, a 1995 conviction for burglary, a 2007 conviction for driving under the influence, a 2014 conviction for check fraud, and a 2014 conviction for driving under the influence. (Doc. 3-4).

On January 22, 2009, an immigration judge ordered Mohmand to be removed to Afghanistan. (Doc. 9, at 3). However, despite Mohmand having an order of removal for

seventeen years, the government has not been able to obtain travel documents and the government states "there is no timeline for when [travel documents] will be issued." (Doc. 9, at 4). According to ICE records, ICE detained Mohmand on December 3, 2025. (Doc. 9-2). In February 2026, ICE issued a decision to continue his detention until his removal due to his criminal history and thus, Mohmand has been in custody for over six months. (Doc. 9-2; Doc. 9-6).

On May 1, 2025, Mohmand filed his petition arguing that his prolonged detention violates his due process rights under the Fifth Amendment. (Doc. 1). On May 13, 2026, Sage filed a response arguing that the Court should dismiss this matter under the first-filled-rule due to Mohmand first filing a similar petition in the Western District of Pennsylvania before ICE transferred him to FCI Lewisburg in the Middle District. (Doc. 6, at 3-4). However, on June 10, 2026, the Court noted that the Western District of Pennsylvania dismissed Mohmand's petition without prejudice, and the Court ordered the government to file a reply responding to the merits of Mohmand's petition. (Doc. 8). On June 16, 2026, the government filed an additional response. (Doc. 9). On June 23, 2026, Mohmand filed a traverse. (Doc. 10). Accordingly, this matter is ripe and ready for disposition.

## II.    LEGAL STANDARD

28 U.S.C. § 2241 governs district courts' power to grant the writ of habeas corpus. Under 28 U.S.C. § 2241(b), the writ of habeas corpus extends to petitioners "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." Claims where non-citizens challenge immigration enforcement-related detention "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting

*Nance v. Ward*, 597 U.S. 159, 167 (2022)). "For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *J. G. G.*, 604 U.S. at 672. While reviewing a noncitizen's habeas petition, courts evaluate whether the government complied with regulatory, statutory, and constitutional protections for noncitizens. *See Martinez v. McAleenan, 385 F. Supp. 3d 349 (S.D.N.Y. 2019)* (finding ICE failed to comply with regulatory and constitutional notice requirements prior to detaining a non-citizen petitioner and granting the petitioner's habeas petition). A court may order a bond hearing or release if the Court determines that a noncitizen habeas petitioner is entitled to such relief under relevant constitutional or statutory protections. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 827 (W.D. Pa. 2025) (finding that a noncitizen habeas petitioner was entitled to a bond hearing under the due process clause of the Fifth Amendment); *see Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 400 (D.N.J. 2025) (finding petitioner's continued detention without reasonably imminent removal is unreasonable and ordering release).

### III. JURISDICTION

"[F]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). 28 U.S.C. § 2241 empowers federal courts to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Recently, in *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026), the Third Circuit determined that the Immigration and Nationality Act ("INA") strips district courts of subject-matter jurisdiction to hear claims arising from removal actions or proceedings, when

3

the claims could be addressed on a petition for review of a final order of removal ("PFR"). However, the Third Circuit clarified that district courts retain jurisdiction over habeas petitions presenting "now or never" questions of law, that cannot be meaningfully reviewed later on a PFR. *Kahlil*, 164 F.4th at 273-74.

Habeas actions based on whether a petitioner is subject to unconstitutionally lengthy detention remain in the jurisdiction of district courts. *Kahlil*, 164 F.4th at 277-79 (holding detention-specific claims, like length and conditions-of-confinement claims, do not arise from removal proceedings and can be addressed by district courts); *see Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (finding 8 U.S.C. § 1252(b)(9) does not present a jurisdictional bar to challenges unrelated to review of an order of removal, the government's decision to detain in the first place, and the process by which removability will be determined); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). The question of whether a petitioner's detention has been unconstitutionally long is wholly collateral to removal proceedings and cannot be meaningfully reviewed on a PFR. *Kahlil,* 164 F.4th at 278-79 (finding that length of confinement claim "does not get channeled into the PFR review process"). Thus, the Court retains jurisdiction over the legal question of whether Mohmand's detention after his order of removal became final has become unconstitutionally prolonged and unrelated to the purpose of removal. *Jennings*, 583 U.S. at 294; *Kahlil,* 164 F.4th at 274-79; *Zadvydas*, 533 U.S. at 688.

**IV.    DISCUSSION**

Mohmand contends that his prolonged detention violates his Fifth Amendment right to procedural due process.[1] (Doc. 1, at 9-12). Mohmand argues that "ICE will not be able to effectuate his removal" and states that ICE previously attempted to remove him in 2009 and was unable to which resulted in him being released on an order of supervision. (Doc. 1, at 2). The government counters that Mohmand's detention is reasonable under and authorized by 8 U.S.C. § 1231 because 1) he has a final order of removal, 2) he has an extensive criminal history, and 3) he will be removed once the government obtains travel documents from Afghanistan. (Doc. 9, at 5-8).

Section 1231 of the INA provides for the detention of noncitizens with final orders of removal. 8 U.S.C. § 1231. Pursuant to 8 U.S.C. § 1231, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." Noncitizens convicted of certain criminal offenses and noncitizens whom the Attorney General finds to be a risk to the community or unlikely to comply with an order of removal may be detained beyond the 90-day removal period. 8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678, 690-91 (2001), the Supreme Court found that indefinite detention of a noncitizen with a final order of removal violates the Due Process Clause of the Fifth Amendment, and that detention of a noncitizen with a final order of removal must be limited with a definite endpoint. The Supreme Court determined that to

---

[1] The Court notes that Mohmand also brings claims for relief under immigration bond regulations and under the Administrative Procedure Act (the "APA"). (Doc. 1, at 4-5). As the Court grants Mohmand's petition based on his procedural due process rights, the Court declines to consider Mohmand's regulatory and APA arguments at this time. *See Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *9 n. 6 (D.N.J. Oct. 22, 2025) (declining to address a petitioner's regulatory and APA arguments where they were entitled to release based on their procedural due process rights); *Kashranov v. Jamison*, No. 2:25-CV-05555, 2025 WL 3188399, at *8 (E.D. Pa. Nov. 14, 2025) (same).

discern whether such post-order of removal detention comports with the Due Process Clause of the Fifth Amendment, habeas courts must ask whether the detention "exceeds a period reasonably necessary to secure removal." *Zadvydas*, 533 U.S. at 699. The Supreme Court found that detention post-order of removal is presumed reasonable for a period under six months.[2] *Zadvydas*, 533 U.S. at 701. After the presumptively reasonable six-month period runs and the detained noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. As the period of confinement grows, what counts as reasonably foreseeable future conversely shrinks. *Zadvydas*, 533 U.S. at 701. If removal is ultimately not reasonably foreseeable, habeas courts should hold continued detention unreasonable and order release. *Zadvydas*, 533 U.S. at 699-700.

Mohmand has been detained under 8 U.S.C. § 1231 for over six months while the government has attempted to obtain travel documents for his removal. (Doc. 9-2; Doc. 9-6). Mohmand's presumptively reasonable six-month period of § 1231 detention has run. *See Zadvydas* 533 U.S. at 701. Mohmand has shown good reason to believe that his removal is unlikely to occur in the foreseeable future because the government has been attempting to remove him to Afghanistan since 2009 and has been unable to do so. (Doc. 1, at 2); *see*

---

[2] As noted by the government, the Supreme Court later clarified in *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 580 (2022) that 8 U.S.C. § 1231(a)(6) does not require bond hearings before immigration judges after six months and that nothing in *Zadvydas* requires courts to read such a requirement into the text of § 1231(a)(6). (Doc. 9, at 7). However, the *Johnson* decision only related to the statutory meaning of § 1231(a)(6) and did not reach the constitutional issues raised in Mohmand's petition. 596 U.S. at 583 (stating "[t]he courts below did not reach [the petitioner's] constitutional claims because they agreed with him that the statute required a bond hearing. We leave them for the lower courts to consider in the first instance").

*Kargapolov v. Oddo*, No. 3:26-CV-00755, 2026 WL 1413057, at *3 (W.D. Pa. May 20, 2026) (finding that a plaintiff showing that the government has tried and failed for years to obtain travel documents "is more than adequate to shift the burden to Respondents to rebut Petitioner's showing that his removal is not reasonably foreseeable"); *see also Saley v. Scott*, No. 2:26-CV-00797, 2026 WL 914810, at *3 (W.D. Wash. Apr. 3, 2026) (finding that a petitioner met their burden by showing that "ICE has already tried and failed to remove him" before).

The government fails to rebut Mohmand's showing that removal is not reasonably foreseeable because by its own admission, "[i]mmigration officials have taken steps to obtain a travel document for Mr. Mohmand . . . but there is no timeline for when a [travel document] will be issued." (Doc. 9, at 4). The government's anticipation that it will be able to remove Mohmand in the foreseeable future once it receives the travel documents it has tried and failed to receive for over fifteen years is speculative. *See Lee*, 2026 WL 523154, at *3 (quoting *Kane v. Mukasey*, No. 08-cv-037, 2008 WL 11393137, at *5 (S.D. Tex. Aug. 21, 2008)) ("A remote possibility of eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future."); *see also Pan*, 2025 WL 3960013, at *4 (finding a remote possibility of removal is not sufficient to rebut petitioner's good showing that removal is not likely in the reasonably foreseeable future). The government's anticipation that it will be able to obtain travel documents is also contradicted by the reality that its effort to obtain travel documents from "Afghanistan runs through the Taliban. There are no diplomatic relations between the United States and the present theocratic regime controlling Afghanistan." *Wazir v. Att'y Gen. of United States*, No. 3:26CV526, 2026 WL 1122610, at *3 (M.D. Pa. Apr. 24, 2026). The government presents no evidence that receiving travel documents from the Taliban-led government of Afghanistan is possible and removal is not

reasonably foreseeable. *See Wazir,* 2026 WL 1122610, at *3. Accordingly, Mohmand's petition for habeas corpus is **GRANTED**. (Doc. 1).

## V.    CONCLUSION

For the foregoing reasons, Mohmand's petition for writ of habeas corpus is **GRANTED**. (Doc. 1). Sage is **ORDERED** to release Mohmand from custody under appropriate conditions of supervisory release. The Clerk of Court is directed to close this matter.

An appropriate Order follows.

                                          **BY THE COURT:**

**Dated: June 29, 2026**              */s/ Karoline Mehalchick*
                                          **KAROLINE MEHALCHICK**
                                          **United States District Judge**